# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA

-------------------------------------------------------------------------X   Index No.:

MONEYWELL GRP LLC,                                                           Date Filed:

                                                        PLAINTIFF,          **_SUMMONS_**
                                                                            Plaintiff's Place of Business:
                                                                            333 NE 24th St
                        -AGAINST-                                           Ste 311, Miami, FL 33137

TITAN TRUCKING LLC, STANDARD WASTE
SERVICES, TESI INC, SENIOR TRUCKING LLC,                                    The basis of the venue is pursuant
TITAN ENVIROMENTAL SOLUTIONS,                                               to the contract entered into
and JEFFERY JOHN RIZZO,                                                     between the parties. Plaintiff
                                                                            designates Niagara County as the
                                        _DEFENDANT(S)_,                     place of trial.

-------------------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANT(S):

        YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy
of your Answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on
the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day
of service (or within thirty (30) days after completion of service where service is not personally
delivered to you within the State of New York); and, in case of your failure to Appear or Answer,
judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Suffern, New York
        February 26, 2025

                                                        Isaac H. Greenfield, Esq.
                                                        Law Offices of Isaac H. Greenfield, PLLC
                                                        _Attorney for Plaintiff_
                                                        2 Executive Blvd., Ste. 305
                                                        Suffern, NY 10901
                                                        Phone: (718) 564-6268
                                                        Fax: (516) 387-1117

**Defendants to be served:**
TITAN TRUCKING LLC
1931 Austin Dr, Troy, MI 48083

STANDARD WASTE SERVICES
55175 Whispering Hills Dr, Shelby Twp, MI 48316

TESI INC;
SENIOR TRUCKING LLC;
TITAN ENVIRONMENTAL SOLUTIONS
300 E Long Lake Rd, Bloomfield Hills, MI 48304

JEFFREY JOHN RIZZO
4852 Walnut Lake Rd, Bloomfield, MI 48301

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA

---------------------------------------------------------------------------------X

MONEYWELL GRP LLC,

    **INDEX NO.:**
    **DATE FILED:**

*PLAINTIFF,*

    -AGAINST-           **VERIFIED COMPLAINT**

TITAN TRUCKING LLC, STANDARD WASTE
SERVICES, TESI INC, SENIOR TRUCKING LLC,
TITAN ENVIROMENTAL SOLUTIONS,
and JEFFERY JOHN RIZZO,

*DEFENDANT(S).*

---------------------------------------------------------------------------------X

Plaintiff, MONEYWELL GRP LLC, by its attorney, Isaac H. Greenfield, Esq, complaining of the defendant(s), respectfully alleges:

1. Plaintiff, MONEYWELL GRP LLC, is an entity organized under the laws of the United States of America. Plaintiff is an entity authorized to do business in the State of New York.

2. Upon information and belief, at all relevant times Company Defendants TITAN TRUCKING LLC, STANDARD WASTE SERVICES, TESI INC, SENIOR TRUCKING LLC, and TITAN ENVIROMENTAL SOLUTIONS (collectively, hereinafter "Company Defendant") were and are companies organized and existing under the laws of Michigan.

3. Upon information and belief, at all relevant times, Defendant Guarantor JEFFREY JOHN RIZZO (hereinafter "Defendant Guarantor") was and is an individual residing in the State of Michigan. "Defendants" shall include Company Defendant and Defendant Guarantor.

## VENUE

4. Venue is proper in this breach of contract claim, pursuant to the subject contract which contains a clause specifying that New York is the exclusive jurisdiction for all disputes arising under the contract.

## THE FACTS

5. On or about January 22, 2025, Plaintiff and Company Defendant entered into a Sale Of Future Receipts Agreement (hereinafter the "Agreement") whereby Plaintiff agreed to purchase all rights of Company Defendant's future receivables having an agreed upon value of $179,880.00. The purchase price for said receivables was $120,000.00.

6. In addition, Defendant Guarantor personally guaranteed any and all amounts owed to Plaintiff from Company Defendant, upon a breach in performance by Company Defendant.

7. Pursuant to the Agreement, Company Defendant agreed to have one bank account approved by Plaintiff from which Company Defendant authorized Plaintiff to make daily ACH withdrawals until the $179,880.00 was fully paid to Plaintiff.

8. Plaintiff remitted the purchase price for the future receivables to Company Defendant as agreed.

9. Initially, Company Defendant met its obligation under the Agreement, however, on or about February 13, 2025, Company Defendant breached the Agreement by failing to perform its obligations under the terms of the Agreement, by blocking and depriving Plaintiff of its daily ACH withdrawals from the specified bank account all while still conducting regular business operations. Company Defendant has paid a total of $32,378.00 to Plaintiff leaving a balance due and owing the amount of $147,502.00.

10. In addition, pursuant to Appendix B of the Agreement, Company Defendant incurred a default fee in the amount of $48,675.66 (which, upon the occurrence of an event of default, is calculated as thirty-three percent (33%) of the remaining balance of the purchased amount of future receivables to be applied to the balance owed to Plaintiff) for Company Defendant's failure to direct the agreed upon payment(s) to Plaintiff and for Company Defendant changing its bank account from the specified bank account.

11. Despite due demand, Company Defendant has failed to pay the amounts due and owing by Company Defendant to Plaintiff under the Agreement.

12. Additionally, Defendant Guarantor are responsible for all amounts incurred as a result of any default of the Company Defendant.

13. There remains a balance due and owing to Plaintiff on the Agreement in the amount of $196,177.66, plus interest from February 13, 2025, costs, disbursements and attorney's fees.

## FOR A FIRST CAUSE OF ACTION: BREACH OF CONTRACT

14. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 13 of this complaint as though fully set forth at length herein.

15. Plaintiff gave fair consideration to Company Defendant which was tendered for the right to receive the aforementioned receivables. Accordingly, Plaintiff fully performed under the Agreement.

16. Upon information and belief, Company Defendant is still conducting regular business operations and still collecting receivables.

17. Company Defendant has materially breached the Agreement by failing to divert the specified payment amount to Plaintiff as required under the Agreement.

18. Upon information and belief, Company Defendant has also materially breached the Agreement by using more than one depositing bank account which has not been approved by Plaintiff.

19. By reason of the foregoing, Plaintiff has suffered damages and is entitled to judgment against Company Defendant based on Company Defendant's breach of contract in the amount of $196,177.66, plus interest from February 13, 2025, costs, disbursements and attorney's fees.

## FOR A SECOND CAUSE OF ACTION: PERSONAL GUARANTEE

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 19 of this complaint as though fully set forth at length herein.

21. Pursuant to the Agreement, Defendant Guarantor personally guaranteed that Company Defendant would perform its obligations thereunder and that he or she would be personally liable for any loss suffered by Plaintiff as a result of certain breaches by Company Defendant.

22. Company Defendant has breached the Agreement by failing to pay its obligations to Plaintiff.

23. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant Guarantor based on his or her personal guarantee in the sum of $196,177.66, plus interest from February 13, 2025, costs, disbursements and attorney's fees.

**WHEREFORE**, Plaintiff MONEYWELL GRP LLC requests judgment against Defendants TITAN TRUCKING LLC, STANDARD WASTE SERVICES, TESI INC, SENIOR TRUCKING LLC, TITAN ENVIROMENTAL SOLUTIONS, and JEFFERY JOHN RIZZO as follows:

(a) on the first cause of action of the complaint, Plaintiff, MONEYWELL GRP LLC requests judgment against Company Defendant in the sum of $196,177.66, plus interest from February 13, 2025, costs and attorney's fees;

(b) on the second cause of action of the complaint, Plaintiff MONEYWELL GRP LLC requests judgment against Defendant Guarantor in the amount of $196,177.66, plus interest from February 13, 2025, costs and attorney's fees;

(c) for such other further relief as this Court deems just and proper.

Dated: Suffern, New York
    February 26, 2025

Isaac H. Greenfield, Esq.
Law Offices of Isaac H. Greenfield PLLC
*Attorney for Plaintiff*
2 Executive Blvd., Ste. 305
Suffern, NY 10901
Phone: (718) 564-6268
Fax: (516) 387-1117

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA

-------------------------------------------------------------------------X

MONEYWELL GRP LLC,

PLAINTIFF,

-AGAINST-                                    **VERIFICATION BY A PARTY**

TITAN TRUCKING LLC, STANDARD WASTE
SERVICES, TESI INC, SENIOR TRUCKING LLC,
TITAN ENVIROMENTAL SOLUTIONS,
and JEFFERY JOHN RIZZO,

DEFENDANT(S).

-------------------------------------------------------------------------X

STATE OF <u>FLORIDA</u>            )
                                  ) SS.:
COUNTY OF <u>MIAMI-DADE</u>    )

     Jonathan Allayev, being duly sworn states that he is an Authorized Officer of Plaintiff in the within action. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

     The foregoing statements are true under penalties of perjury.

_____
Jonathan Allayev

     On the 26 day of February, in the year 2025 before me personally appeared Jonathan Allayev, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person or entity upon behalf of which the individual acted, executed the instrument.

Notary Public,
State of _____

My Commission Expires on: _____

Notary Seal

SALOMON V. BAGDADI
Commission # HH 286967
Expires August 5, 2026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA
-------------------------------------------------------------------------------X
MONEYWELL GRP LLC,

**INDEX NO.:**

PLAINTIFF,

-AGAINST-

TITAN TRUCKING LLC, STANDARD WASTE
SERVICES, TESI INC, SENIOR TRUCKING LLC,
TITAN ENVIROMENTAL SOLUTIONS,
and JEFFERY JOHN RIZZO,

DEFENDANT(S).
-------------------------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: Suffern, New York
       February 26, 2025

Isaac H. Greenfield, Esq.
Law Offices of Isaac H. Greenfield, PLLC
*Attorney for Plaintiff*
2 Executive Blvd., Ste. 305
Suffern, NY 10901
Phone: (718) 564-6268
Fax: (516) 387-1117