UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MONEYWELL GRP LLC,

                         Plaintiff,

            v.

TITAN TRUCKING LLC,
STANDARD WASTE SERVICES,
TESUI INC.,
SENIOR TRUCKING LLC,
TITAN ENVIRONMENTAL SOLUTIONS, and
JEFFREY JOHN RIZZO,

                       Defendants.

_____

**REPORT
and
RECOMMENDATION**

**25-CV-274-JLS(F)**

APPEARANCES:          LAW OFFICES OF ISAAC GREENFIELD
                          Attorneys for Plaintiff
                          ISAAC GREENFIELD, of Counsel
                          2 Executive Boulevard
                          Suite 305
                          Suffern, New York  10901

                          HESKIN & PROPER PLLC
                          Attorneys for Defendants
                          SHANE R. HESKIN, of Counsel
                          641 Lexington Avenue
                          14th Floor
                          New York, New York  10022

      This removal action based on diversity case alleging breach of contract was referred to the undersigned by Honorable John L. Sinatra, Jr. on April 7, 2025, for all pretrial matters including preparation of a report and recommendation on dispositive motions. (Dkt. 10).

      Plaintiff is a limited liability company.  "It is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*." *Jones v.*

*Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983) (internal citations omitted).  Limited liability companies, as artificial entities, also can only appear through counsel.  *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[A] limited liability company . . . may appear in federal court only through a licensed attorney.").  Accordingly, because Plaintiff is a limited liability company, it may appear in court only through counsel.

On March 28, 2025, a request for verification of admission to this court was sent to Plaintiff's counsel, Isaac Greenfield ("Greenfield").  When no response was received, the undersigned, on July 11, 2025, issued an Order to Show Cause (Dkt. 12) ("OTSC") directing Plaintiff to show cause by July 21, 2025 why this action should not be dismissed for lack of representation by an attorney admitted to this court.  The OTSC was mailed to Greenfield and was not returned as undeliverable.  To date, no response to the OTSC has been received.

Rule 41(b) permits the court to dismiss an action if a plaintiff fails to prosecute or comply with a court order.  Further, "'[w]here a corporate plaintiff fails to appear by counsel, dismissal for failure to prosecute pursuant to Rule 41(b) . . . is appropriate.'"  *Jim Mazz Auto, Inc. v. City of Buffalo*, 2023 WL 2501043, at * 4 (W.D.N.Y. Mar. 14, 2023) (quoting *Schwartzman v. Label, LLC*, 2020 WL 1034373, at *1 (S.D.N.Y. Jan. 22, 2020) (internal quotation marks and citation omitted) (collecting cases)).  "[T]he power of a district court to take such action—while explicitly sanctioned by Rule 41(b)—'has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Lewis v. Rawson*, 564 F.3d 569, 575 (2d

2

Cir. 2009) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)). Nevertheless, "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Id.* at 575-76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (internal quotation omitted)).

In considering dismissal for failure to prosecute, a court must consider five factors including whether:

> (1) the plaintiffs' failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004). Courts "almost exclusively" apply these factors to "instances of litigation misconduct such as failure to comply with a scheduling order or timely to respond to pending motions." *Lewis*, 564 F.3d at 576. No single factor is dispositive as the determination whether to dismiss a case for failure to prosecute depends on the factual circumstances in the case at hand. *Id.* Here, each of these five factors weighs in favor of dismissal.

With regard to the first factor, since the removal of this action to this court on March 27, 2025, Plaintiff has not appeared in this action, either *pro se* or by putative counsel including, most relevantly, with regard to the OTSC as required by law. Relevantly, "the duration factor is of limited significance where a party deliberately disobeys court orders." *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (considering the plaintiff's delay in prosecution "particularly egregious" because the delay also violated court orders)). The first factor thus weighs in favor of dismissal.

3

The second factor pertaining to notice also weighs in favor of dismissal.  In particular, it is undisputed that Greenfield has twice been directed to provide verification that he is admitted to this court, including by the March 28, 2025 request for verification, and the OTSC.  Significantly, in the OTSC, Plaintiff was specifically advised that the case was subject to dismissal for lack of required representation unless it was shown by July 21, 2025 that an attorney admitted to this court had been retained to represent Plaintiff.  Although the OTSC that was mailed to Greenfield was not returned as undeliverable, no response to the OTSC was received.  Plaintiff thus was on notice that further delay in obtaining new counsel would result in dismissal.

Regarding the third factor, prejudice in this case can be presumed based on unreasonable delay.  *See Peart*, 992 F.2d at 462 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to defendants from unreasonable delay may be presumed . . . .")).  Here, Plaintiff has twice ignored or defied court orders to verify representation by an attorney admitted to this court, in accordance with the law, without any explanation for doing so or a request for an extension of time.  The third factor thus supports dismissal.

As regards the fourth factor pertaining to the need to alleviate court calendar congestion, although this action has not been scheduled for trial, that the parties have yet to participate in discovery can be construed as indicating Plaintiff does not wish to pursue its claims.  *See Jim Mazz Auto, Inc.*, 2023 WL 2501043, at *3 (considering the corporate plaintiffs' failure to obtain new counsel "suggest[ ] that Plaintiffs no longer wish to have their day in court.").  "With the court calendar for the Western District of New York being one of the more heavily congested in the country, dismissal of the

4

instant action will permit the court to devote more resources to other actions." *Leroy v. Amedisys Holding LLC*, 2024 WL 3951985, at *2 (W.D.N.Y. July 2, 2024) (citing *Shapiro v. Darel*, 2023 WL 5533501, at * 2 (W.D.N.Y. Aug. 4, 2023) ("The United States District Court for the Western District of New York is a heavily congested court with a large backlog of cases."), *report and recommendation adopted* 2023 WL 5532320 (W.D.N.Y. Aug. 28, 2023)), *report and recommendation adopted*, 2024 WL 3950588 (W.D.N.Y. Aug. 26, 2024). The fourth factor thus weighs in favor of dismissal.

The final factor requiring the court consider the efficacy of lesser sanctions weighs in favor of dismissal. Although a monetary sanction such as a fine or award of attorney fees may compensate Defendants for their costs incurred in defending this action, nothing indicates such sanction would spur Plaintiff to resume actively prosecuting this case by obtaining new counsel. *See Randolph v. Griffin*, 2021 WL 795311, at * 3 (W.D.N.Y. Mar. 2, 2021) ("no lesser sanction would be appropriate as [the plaintiff's] repeated failure to comply with this Court's multiple dismissal warnings demonstrates that lesser sanctions would be ineffective") (quoting *Ruzsa v. Rubenstein & Sendy Att'ys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (holding "it is ... unclear that a 'lesser sanction' would have proved effective" in light of plaintiff's failure to respond to district court's notice)).

All five factors thus weigh in favor of dismissing this action for failure to prosecute.

5

## **CONCLUSION**

Based on the foregoing, it is recommended that this action be dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute.  The Clerk of Court is directed to send a copy of this Report and Recommendation *via* first class U.S. Mail to Plaintiff's counsel, Isaac Greenfied, Esq., at Law Offices of Isaac H. Greenfield, PLLC, 2 Executive Boulevard, Suite 305, Suffern, New York  10901.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    December 5, 2025
Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiff and to the attorneys for Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    December 5, 2025
          Buffalo, New York

7